THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEVIN CHATMAN, Defendant-Appellant.

First District (3rd Division)   No. 1—92—3187

Opinion filed November 29, 1995.

Michael J. Pelletier and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Sang Won Shim, and Athena Farmakis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE TULLY delivered the opinion of the court:

After a jury trial, defendant, Kevin Chatman, was convicted of unlawful use of a weapon by a felon in violation of section 24—1.1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, par. 24—1.1(a) (now 720 ILCS 5/24—1.1(a) (West 1994))) and sentenced to two years' imprisonment for that crime. It is from the judgment of conviction that defendant now appeals to this court pursuant to section 6 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Supreme Court Rule 603 (134 Ill. 2d R. 603).

For the reasons which follow, we affirm.

Chicago police officer Kenneth Lunsford testified to the following at trial. Lunsford testified that on December 19, 1991, he was patrolling Cabrini Green housing project with Officer Patrick Forrester. At about 10:30 p.m., the officers saw defendant walking southbound down the middle of Mohawk Street approaching Locust Street. Defendant noticed the officers in the squad car observing him and immediately began walking in the opposite direction. The officers immediately became suspicious.

The officers pulled abreast of defendant and noticed that defendant was holding a silver pistol. Defendant dropped the loaded gun, which was recovered from where it was dropped.

After cross-examination of Lunsford, the State introduced a certified copy of the defendant's conviction for possession of a controlled substance, which was admitted.

At trial, defendant took the stand and denied that he had a firearm on his person. Defendant indicated that he knew the officers had turned down Mohawk Street where he was walking and that they told him to stop. He denied turning away and walking away from any of the two officers, and further stated that the police never asked him if the recovered weapon belonged to him.

Defendant indicated that the officers never told him why he was being arrested, and the officers did not know that the defendant was on probation until arrival at the police station, where he acknowledged that he was on felony probation for possession of a controlled

substance. In rebuttal, the State put into evidence a certified statement or copy of defendant's 1986 theft conviction.

Forrester was also called to the stand by the State in rebuttal and stated that Lunsford recovered the gun and that Forrester had observed the shiny item in defendant's hand. Forrester further stated that defendant knew he was being arrested and stated that the gun was not his. Forrester also said that he clearly observed defendant at the time of the arrest, the area being well lit.

On appeal, defendant argues that: (1) the trial court erred in submitting a jury instruction stating that the fact defendant had previously been convicted of a felony did not deprive him of his right to be presumed innocent; (2) the trial court abused its discretion in allowing into evidence proof of defendant's prior conviction of theft to impeach his credibility; (3) the prosecutor made improper comments in closing which denied him a fair trial; (4) the jury improperly considered his prior theft conviction in convicting him of unlawful use of a firearm by a felon; and (5) trial counsel's failure to raise the previous issues in a post-trial motion denied him his constitutional right to effective assistance of counsel.

Initially the State urges that defendant has waived review of all but the last issue. We agree.

■ It is settled law that, absent plain error, "*[b]oth* a trial objection *and* a written post-trial motion raising the issue are required for alleged errors that could have been raised during trial." (Emphasis in original.) (*People v. Enoch* (1988), 122 Ill. 2d 176, 186; see also *People v. Nevitt* (1990), 135 Ill. 2d 423; *People v. Adams* (1985), 109 Ill. 2d 102.) Our supreme court explained the reasons for the waiver rule as follows:

> "Failure to raise issues in the trial court denies that court the opportunity to grant a new trial, if warranted. This casts a needless burden of preparing and processing appeals upon appellate counsel for the defense, the prosecution, and upon the court of review. Without a post-trial motion limiting the consideration to errors considered significant, the appeal is open-ended. Appellate counsel may comb the record for every semblance of error and raise issues on appeal ·whether or not trial counsel considered them of any importance." *People v. Caballero* (1984), 102 Ill. 2d 23, 31.

In the case *sub judice*, defendant's trial counsel failed to include any of the first four issues in a post-trial motion. As we perceive no plain error, we find such issues waived.

■ Still to be considered is defendant's contention that his trial counsel's failure to raise appellate issues in a post-trial motion denied

him his constitutional right to effective assistance of counsel. The sixth amendment to the United States Constitution, made applicable to the States through the due process clause of the fourteenth amendment (*Gideon v. Wainwright* (1963), 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792), guarantees that "the accused shall enjoy the right *** to have the Assistance of Counsel for his defense." (U.S. Const., amend. VI.) This right is also affirmed by section 8 of article I of our 1970 Illinois Constitution. (Ill. Const. 1970, art. I, § 8.) The supreme court of Illinois in *People v. Albanese* (1988), 125 Ill. 2d 100, 531 N.E.2d 17, adopted the standard set forth by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, for determining whether a criminal defendant was denied effective assistance of counsel under both the State and Federal constitutions. The *Albanese* court summarized the *Strickland* standard as the following:

> "*Strickland* advances a two-component standard. The first component is to prove that counsel's representation fell below an objective standard of reasonableness such that the trial results were unreliable. Under the second component, the defendant must prove that he was prejudiced by the unprofessional conduct; that is, he must show that, but for the attorney's unprofessional errors, the results of the trial would have been different." *Albanese*, 125 Ill. 2d at 106, citing *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

In examining whether counsel's representation fell below an objective standard of reasonableness, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." (*Strickland*, 466 U.S. at 688, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.) In making this determination, "[j]udicial scrutiny of counsel's performance must be highly deferential"; a court must resist the temptation to second-guess counsel's actions and avoid the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.

In determining whether there was prejudice by counsel's unprofessional conduct, a defendant bears the burden of proving that there exists "a probability sufficient to undermine confidence in the outcome" and that, absent counsel's errors, "the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 694, 695, 80 L. Ed. 2d at 698, 698, 104 S. Ct. at 2068, 2068-69.

In our application of the foregoing authorities to defendant's trial counsel's conduct of the case *sub judice*, we believe that there is no real reasonable probability that the outcome of the trial (or a new trial) would have been different in this case. Evidence in this case

was not closely balanced and the evidence of defendant's guilt is overwhelming. Thus, defendant was not denied his constitutional right to effective assistance of counsel.

In light of the foregoing, defendant's conviction for unlawful use of a weapon by a felon is affirmed.

Judgment affirmed.

GREIMAN, P.J., and CERDA, J., concur.